IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY E. MORRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1307-SLR |
| | ) | |
| RICHARD KEARNEY, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

At Wilmington this  9th  day of August, 2005;

IT IS ORDERED that:

Petitioner Anthony E. Morris' motion for representation by counsel is denied without prejudice to renew.  (D.I. 11) Petitioner, a pro se litigant, has no automatic constitutional or statutory right to representation in a federal habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999).  A court may, however, seek representation by counsel for a petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but

arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

Here, petitioner seeks representation by counsel because he cannot afford counsel, he does not have a high school degree, and he represented himself during his criminal trial. After reviewing petitioner's motion and the documents filed in the instant proceeding, the court concludes that the "interests of justice" do not warrant representation by counsel at this time. The state court record provides a sufficient basis for resolving the issues raised in the application. See, e.g., Reese, 946 F.2d at 263; Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993). Moreover, petitioner's claims seem to be fairly "straightforward and capable of resolution on the record," and his filings in this court indicate his ability to present his case. Parham v. Johnson, 126 F.3d 454, 460 (3d Cir. 1997)(citations omitted). It also does not appear that expert testimony will be necessary or that the ultimate resolution of the petition will depend upon credibility determinations.

_____
UNITED STATES DISTRICT JUDGE