IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANTHONY MORRIS,              )
                            )
          Petitioner,        )
                            )
v.                          )      Civil Action No. 04-1307-SLR
                            )
RICHARD KEARNEY             )
Warden, and M. JANE          )
BRADY, Attorney General      )
of the State of             )
Delaware,                   )
                            )
          Respondents.       )

---

Anthony Morris.  Pro se petitioner.

Thomas E. Brown, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware.  Counsel for respondents.

---

**MEMORANDUM OPINION**

September 29 , 2005
Wilmington, Delaware

ROBINSON, Chief Judge

## I.  INTRODUCTION

Presently before the court is petitioner Anthony Morris' ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (D.I. 1)  Petitioner is a Delaware inmate in custody at the Sussex Correctional Institution in Georgetown, Delaware.  For the reasons that follow, the court will dismiss his application.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The facts surrounding petitioner's conviction are as follows.

> On May 28, 2002, the Governor's Task Force investigated a report of drug activity on Polly Branch Road, located east of Selbyville in Sussex County, Delaware.  The area is known to law enforcement as a high crime area where drugs are sold openly.  An informant contacted the task Force to report that Morris was selling drugs and provided a detailed description of Morris' clothing and his location.  Officer John McColgan, Corporal Rodney Layfield, and Sergeant Monroe Hudson of the Delaware State Police, accompanied by Probation Officer Mark Dawson, drove in an unmarked vehicle onto Polly Branch Road trying to locate Morris.

> As the officers proceeded down the road, they noticed Morris standing with two other men.  Morris began to walk towards their vehicle, but, as the vehicle came closer, he suddenly appeared alarmed.  Morris then reached into his pocket, pulled out a small white object and tossed it behind him into some bushes.  As the officers got out of their vehicle, Morris attempted to flee.  Sergeant Hudson ordered him to stop, but he did not do so.  After chasing Morris a short distance, Sergeant Hudson was able to subdue and handcuff him.  Morris was searched and $255 was found in his possession.  The two men standing with Morris, Christopher Sturgis and Lamar Morris, Morris' cousin, also were searched.

1

Corporal Layfield searched the area where he had seen Morris tossing the white object and located a white pill bottle.  A white powdery substance was found inside the bottle, which later was determined to be 24 pieces of crack cocaine weighing a total of 2.58 grams.  No paraphernalia such as a pipe for personal use of the cocaine was found.

At Morris' trial, Sergeant Hudson, who testified as an expert in the field of narcotics investigation, stated that, in his opinion, Morris possessed the crack cocaine with the intention of selling it.  He based his opinion on the quantity of the drugs, the lack of paraphernalia for personal use of the drugs, the amount of money found in Morris' possession, and the fact that Morris was unemployed.

Both Sturgis and Lamar Morris testified on the defendant's behalf.  They stated that they did not see the defendant throw the bottle behind him.  Morris' mother testified that she had given Morris the money found on him at the time of his arrest.  Finally, Morris himself testified that he did not possess any drugs on the day of his arrest.

Morris v. State, 2003 WL 22097056 (Del. Sept. 8, 2003).

At trial, petitioner waived his right to counsel and proceeded pro se.  A public defender acted as stand-by counsel. Id. at **1 n. 1.  A Delaware Superior Court jury found petitioner guilty of possession with intent to deliver cocaine, possession of drug paraphernalia, and resisting arrest.  The Superior Court sentenced him to a total of 32 years in prison, suspended after 15 years for decreasing levels of probation.  Petitioner appealed, and the Delaware Supreme Court affirmed his conviction and sentence.  Morris, 2003 WL 22097056.  Petitioner did not seek state post-conviction relief.

In December 2004, petitioner filed in this court the instant application asserting one claim for relief: the prosecution

2

failed to prove beyond a reasonable doubt that petitioner
possessed cocaine with intent to deliver. (D.I. 1)  The State
contends that petitioner procedurally defaulted this claim at the
state court level and therefore, asks the court to dismiss the
application as procedurally barred.  (D.I. 8)

Petitioner's habeas application is ready for review.

## III.  GOVERNING LEGAL PRINCIPLES

### A.  The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death
Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution
of state and federal criminal sentences . . . and to further the
principles of comity, finality, and federalism."  Woodford v.
Garceau, 538 U.S. 202, 206 (2003)(internal citations and
quotation marks omitted).  Pursuant to AEDPA, a federal court may
consider a habeas petition filed by a state prisoner only "on the
ground that he is in custody in violation of the Constitution or
laws or treaties of the United States."  28 U.S.C. § 2254(a).
AEDPA increases the deference federal courts must give to state
court decisions, primarily by imposing procedural requirements
and standards "in order to prevent federal habeas 'retrials' and
to ensure that state-court convictions are given effect to the
extent possible under law."  Bell v. Cone, 535 U.S. 685, 693
(2002);  see Woodford, 538 U.S. at 206.

3

B.   **Exhaustion and Procedural Default**

Before seeking habeas relief from a federal court, a
petitioner in custody pursuant to a state court judgment must
exhaust all remedies available in the state courts.  As stated in
AEDPA:

> An application for a writ of habeas corpus on behalf of
> a person in custody pursuant to the judgment of a State
> court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in
> the courts of the State; or
>
> (B)(i) there is an absence of available State corrective
> process; or
>     (ii) circumstances exist that render such process
> ineffective to protect the rights of the
> applicant.

28 U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded
on principles of comity in order to ensure that state courts have
the initial opportunity to review federal constitutional
challenges to state convictions.  Werts v. Vaughn, 228 F.3d 178,
192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the
"state courts one full opportunity to resolve any constitutional
issues by invoking one complete round of the State's established
appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838,
844-45 (1999).  To satisfy this requirement, a petitioner must
demonstrate that the claim was fairly presented to the state's
highest court, either on direct appeal or in a post-conviction
proceeding.  See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir.

4

1997)(citations omitted); <u>Coverdale v. Snyder</u>, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). Fair presentation also requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989).

If a petitioner presents unexhausted habeas claims to a federal court, but further state court review is procedurally barred, the federal court will excuse the failure to exhaust and treat the claims as exhausted. <u>Lines v. Larkins</u>, 208 F.3d 153, 160 (3d Cir. 2000); <u>Wenger v. Frank</u>, 266 F.3d 218, 223 (3d Cir. 2001); <u>see</u> <u>Teague v. Lane</u>, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. <u>Coleman v. Thompson</u>, 501 U.S. 722, 749 (1991); <u>Lines</u>, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. <u>McCandless v. Vaughn</u>, 172 F.3d 255, 260 (3d Cir. 1999); <u>Coleman</u>, 501 U.S. at 750-51.; <u>Caswell v. Ryan</u>, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's

5

procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).
To demonstrate actual prejudice, the petitioner must show "not
merely that the errors at . . . trial created a possibility of
prejudice, but that they worked to his actual and substantial
disadvantage, infecting his entire trial with error of
constitutional dimensions." Id. at 494.

Alternatively, a federal court may excuse a procedural
default if the petitioner demonstrates that failure to review the
claim will result in a fundamental miscarriage of justice.
Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank,
266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice
exception applies only in extraordinary cases where a
"constitutional violation has probably resulted in the conviction
of one who is actually innocent." Murray, 477 U.S. at 496.
Actual innocence means factual innocence, not legal
insufficiency, Bousley v. United States, 523 U.S. 614, 623
(1998), and is established if no reasonable juror would have
voted to find the petitioner guilty beyond a reasonable doubt.
Sweger v. Chesney, 294 F.3d 506, 522-24 (3d Cir. 2002).

## IV.  DISCUSSION

Petitioner's sole habeas claim contends that the prosecution
did not prove beyond a reasonable doubt that he possessed cocaine
with intent to deliver. On direct appeal, petitioner presented a
single argument that his Fourth Amendment rights under the

6

federal and state constitutions were violated because the police
lacked probable cause to arrest him. Morris v. State, 832 A.2d
1251 (Table), 2003 WL 22097056 (Del. Sept. 8, 2003). The State
contends that, given the dissimilarity of his habeas claim and
his claim on direct appeal, petitioner did not "fairly present"
the instant habeas claim to the state courts. The court has
reviewed the record and also concludes that petitioner did not
"fairly present" his federal habeas claim to the Delaware state
courts. Therefore, he has failed to exhaust state remedies.

However, the court must excuse petitioner's failure to
exhaust state remedies, and treat the claim as exhausted,
because state procedural rules would prevent him from pursuing
further state court relief.[1] See Teague v. Lane, 489 U.S. 288,
298 (1989); Coleman, 501 U.S. at 750; Lines, 208 F.3d at 160.
Although deemed exhausted, this claim is still procedurally
defaulted, and the court cannot review it absent a showing of
cause for the default and prejudice resulting therefrom, or that
a miscarriage of justice will result if the court refrains from
reviewing it.

Petitioner attempts to establish cause by alleging that he

---

[1] Rule 61(i)(3) would bar the Delaware state courts from
reviewing this claim because petitioner failed to raise it in the
proceeding leading to his conviction, and, as explained in the
text, he has failed to demonstrate cause for and prejudice
resulting from his failure. See Del. Super. Ct. Crim. R.
61(i)(3).

did not raise this claim on direct appeal because he was not
"given my stand-by counsel to direct me." (D.I. 1, at ¶ 13)  The
court interprets this claim to allege that petitioner should be
excused from his failure to raise the instant claim on direct
appeal because he was erroneously denied the assistance of stand-
by counsel in presenting his appeal.

      The Third Circuit Court of Appeals has held that "an
improper outright denial of the Sixth Amendment right to counsel
constitutes 'cause' [for a procedural default]." Fischetti v.
Johnson, 384 F.3d 140, 154 (3d Cir. 2004).  Nevertheless,
petitioner's vague and unsupported statement fails to demonstrate
that he was improperly denied the assistance of stand-by counsel
in preparing his appeal.  First, he does not allege, and the
record does not reveal, that he was erroneously forced to proceed
pro se.  See, e.g., id. at 154.  Second, there is no indication
that he even requested the assistance of stand-by counsel to help
him prepare his direct appeal.  Finally, even if he did make such
a request, a pro se defendant "does not have a constitutional
right to choreograph special appearances by counsel." McKaskle
v. Wiggins, 465 U.S. 168, 183 (1984).  In other words, the Sixth
Amendment does not require a trial court to permit hybrid
representation whereby both counsel and defendant serve as co-
counsel. Id.

      Further, petitioner ably presented his Fourth Amendment

                              8

claim to the Delaware State Court on direct appeal without the assistance of stand-by counsel, and he has competently presented to this court the instant habeas claim.  It is therefore unclear how the absence of stand-by counsel prevented him from raising the instant claim on direct appeal.

Petitioner's failure to establish cause for his procedural default eliminates the court's need to reach the issue of actual prejudice.  Additionally, petitioner has not attempted to demonstrate that he is "actually innocent," thereby failing to trigger the miscarriage of justice exception to the procedural default doctrine.  See Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004)(holding that, in order to establish actual innocence sufficient to demonstrate a miscarriage of justice, a petitioner must assert "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial.").

Accordingly, the court will dismiss petitioner's application because he has failed to provide any reason to excuse the procedural default of his federal habeas claim.[2]

---

[2]To the extent petitioner's application can be interpreted as asserting the same Fourth Amendment claim he presented to the Delaware Supreme Court on direct appeal, the court would dismiss the claim for failing to present a proper basis for federal habeas relief.  In Stone v. Powell, 428 U.S. 465 (1976), the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth

9

## V.   CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty.  See Third Circuit Local Appellate Rule 22.2.  The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack, 529 U.S. at

---

Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494.  Here, petitioner filed in the Superior Court a motion to suppress evidence.  The Superior Superior Court denied the motion as untimely.  On direct appeal, the Delaware Supreme Court reviewed the Superior Court's denial of petitioner's suppression motion, and affirmed its judgment.  The Delaware Supreme Court also held that, even if the Superior Court had considered petitioner's suppression motion, there was no basis for granting the motion on the reasons argued by petitioner. Given that petitioner was afforded an opportunity to litigate his Fourth Amendment claim in the state courts, federal habeas review of this claim would be precluded by the Stone bar.

484.

For the reasons stated above, the court concludes that federal habeas review of petitioner's application is barred due to his procedural default in the state courts.  Reasonable jurists would not find these conclusions unreasonable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI.  CONCLUSION

For foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.

11