UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| ANTHONY MORRIS<br><br>Plaintiff - Appellee,<br><br>v.<br><br>RICHARD KEARNEY, Warden, and<br>M.JANE BRADY, Attorney General of<br>the State of Delaware<br><br>Defendant - Appellant. | Case No. _____<br><br><br><br>Application for Certificate of<br>Appealability |

## NOTICE AND INSTRUCTIONS

Your application for a certificate of appealability will be evaluated by the court using these standards:

**Certificate of Appealability.** There must be a substantial showing of the denial of a constitutional right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. 28 U.S.C. § 2253(c); *Lennox v. Evans*, 87 F.3d 431 (10th Cir. 1996).

**FAILURE TO SET FORTH FACTS AND ARGUMENTS SHOWING THAT YOU MEET THE APPROPRIATE STANDARD WILL SUBJECT YOUR APPEAL TO DISMISSAL WITHOUT FURTHER NOTICE.**

** Petitioner did not received the Court's Memorandum Opinion until October 3,
   2005, therefore I am complying with the thirty-day deadline and other
   procedures governing the filing of appeals. Fed. R. App. 4(a)(1).

You may use this form to furnish a statement of the case, the issues you intend to raise on appeal, and the reasons your appeal meets the applicable standards. The form is intended to guide you in meeting the above standards. If you need more space to answer, additional pages may be attached. The information you furnish, together with the full record of the proceedings in the district court, will be the basis for this court's decision. You should bear in mind that an appeal is not a retrial, but rather a **review** of the district court's judgment and record of proceedings.

## APPLICATION

**1. Statement of the Case.** (This should be a <u>brief</u> summary of the proceedings in the district court.)   In December of 2004, petitioner filed in this Court a Petition for Writ of Habeas Corpus asserting one claim for relief: prosecution failed to prove beyond a reasonable doubt that petitioner possessed cocaine with intent to deliver.  The State contends that petitioner procedurally defaulted this claim at the state court level and therefore, ask the court to dismiss the petition as procedurally barred.  On September 29, 2005, the District Court concluded that federal habeas review of petitioner's application is barred due to his procedural default in state courts. Petitioner recieved that court's denial on October 3, 2005 at the Sussex Correctional Institution.  Petitioner (next pg.

**2. Issues to be Raised on Appeal.** (New issues raised for the first time on appeal generally will not be considered.)

a) Did the District Court abuse its discretion in denying Petitioner appointment of counsel, whereas the Petitioner did not have a good understanding of the issues and the ability to present his arguments properly.

b) Whether Petitioner was convicted on insufficient evidence. In viewing the evidence in light most favorable to the prosecution, no rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt. 5th Amendment Violation

**3. Summary of Your Argument Showing that Your Appeal Meets the Standards Stated on Page 1.**   Whether District Court erred when the District Court deny Petitioner habeas petition on procedural grounds without reaching the his underlying Fifth Amendment claim of insufficient evidence. Jurist of reason would find it debatable whether his petition states a valid claim of the denial of his Fifth Amendment right, and would find it debatable whether the District Court was correct in its procedural ruling. U.S. v. Cepero, 224 F.3d 256, 262 (3d Cir. 2000) A claim of insufficient evidence merited issuing a certificate of appealability.

**4. Do you think the district court applied the wrong law? If so, what law do you want applied?** No. But I believe the Court use a wrong application of Slack v. McDaniel, 529 U.S. 473, 484 (2000) Petitioner made a substantial showing of denial of a constitutionla right.

**5. Did the district court incorrectly decide the facts? If so, what facts?**

Yes. I believe when the Court denied Petitioner's Motion for appointment of counsel when the Court determine that the "Interest of Justice" do not warrant representation at this time. The state court record is silent as to why his trial counsel abandoned Petioner's direct appeal, and its failure to raise the claim of insufficient evidence on direct appeal, when trial counsel was the one that filed the motion for aquittal at Petitioner's trial. The "interest of justice" warrants appointment of counsel to discover critical facts.

**6. Did the district court fail to consider important grounds for relief? If so, what grounds?**

A Fifth Amendment claim of insufficient evidence is an important ground. Under the Due Process Clause of the Fifth Amendment, the prosecutor is required to prove every element of the crime with which a defendant is charged beyond a reasonable doubt. Petitioner believes that no rational trier of fact, viewing evidence in light most favorable to prosecution, "could have found the essential elements of the crime beyond a reasonable doubt". Jackson v. Virgina, 443 U.S. 307, 319 (1979).

**7. Do you feel that there are any other reasons why the district court's judgment was wrong? If so, what?** I feel the fact that Petitioner invoked the right to self-representation at trial, but did not exercised the waiver of appellate counsel. But was left to filed his own direct appeal due to the abandonment of appellate counsel, whereas same counsel at his trial made objections and motions on behalf of Petitioner, creates a serious of counsel mistakes and neglect. Petitioner was 2½ years old, without no formal education or experience in law, but was left unarmed against the powers of the State of Delaware. The Court should atleast appointed counsel to assist Petitioner in presenting issues that clearly warrants the "interest of justice".

8. **What action do you want this court to take in your case?** Remand to the District Court and appointment of counsel for an evidentiary hearing to discover facts as to why indigent defendant was deny representation during appeal as of right, when there is no record that he waived that right. Penson v. Ohio, 488 U.S. 75. 85 (1988) and Evitts v. Lucey, 469 U.S. 387, 396 (1985).

9. **Were you required to seek and exhaust administrative remedies prior to filing your claim in district court? If yes, what steps did you take to exhaust those remedies?** Yes. But I had already file one post conviction relief, but the issue was not in that motion. Since trial counsel raised the issue at trial level and deny, I was led to believe I could not raise the same issue back to the same court that previously denied it.

_____11/2/05_____         _____anthony Morrie_____
Date                                       Signature

# CERTIFICATE OF SERVICE

I hereby certify that on ___November 2, 2005___ I mailed a copy of
                              (date)
the Certificate of Appealability:

to ___Thomas E. Brown Deputy Attorney General___ at ___Department of Justice 820 N. French St Wilmington, DE 19801___, the last known address, by way of United States mail or courier.

___11/2/2005___         ___arthony Morris___
Date                     Signature

I/M: Anthony Pledes BLDG. [signature]
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947

RECEIVED
NOV - 4 2005
U.S. C.A. 3rd

U.S.M.S. X-RAY

LEGAL MAIL

OFFICE OF THE CLERK
United States Court of Appeals
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA
19106

U.S.M.S. X-RAY

U.S. POSTAGE $00.600
1235 7918 0461
PB 22 30
NOV 03

